IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREXEL, INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MASTER INDUSTRIES, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 05-cv-11599 RCL |

## MOTION FOR DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff, Trexel, Inc. ("Trexel"), requests that the Court enter default judgment against Defendant, Master Industries, Inc. ("Master"), for its failure to file an answer to the Complaint or otherwise appear in this patent infringement action. Master has been defaulted (Docket #4), and Trexel now seeks entry of judgment in accordance with that default and with the facts set forth in the complaint that are deemed admitted by Master as a result of its default.

Trexel is a Massachusetts corporation based in Woburn. Complaint ¶ 1. Its primary business is the development and commercialization of microcellular foaming processes for polymeric materials. Id. ¶ 2. Trexel's MuCell® process is used to produce injection molded and extruded products worldwide, which can result in significant cost savings and quality improvements over conventional polymeric material processes. Id. Trexel is the owner, exclusive licensee, or assignee of an extensive portfolio of patents and pending patent applications, in the United States, Europe, and other leading markets worldwide, directed to various aspects of microcellular foam technology. These patents include United States Patents Nos. 6,884,823 ("the '823 patent"), RE37,932 ("the '932 patent"), and 5,158,986 ("the '986 patent").

940369.1

Master provides precision molded products to the automotive, industrial, aerospace, environmental, medical and emergency equipment markets, and has acquired and used an Optifoam® system for producing foamed plastic parts. Id. ¶ 5. Master has infringed the '823 patent, the '932 patent, and the '986 patent by making, selling, offering to sell, and/or using within, or importing into, the United States articles covered by those patents and by practicing methods covered by those patents and/or importing articles made by methods covered by those patents. Id. ¶¶ 6-17. Furthermore, Master's infringement has been willful, has caused and will continue to cause Trexel to suffer substantial damages and irreparable harm for which there is no adequate remedy at law. Id. ¶¶ 9, 13, 17.

Master never appeared or otherwise responded to the Complaint, despite having been hand served with a summons on August 15, 2005. (See Docket #2). The Court has thus entered its default. (Docket Item #5.) Accordingly, Trexel moves for entry of a default judgment having two parts: (1) a permanent injunction against Master from engaging in any further infringement of Trexel's patents; and (2) damages in an amount to be determined at a hearing scheduled for that purpose.

A permanent injunction is a standard remedy for patent infringement. See Richardson v. Suzuki Motor Co., Ltd., 868 F.2d 1226, 1247 (Fed. Cir. 1989) ("It is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it.") "When a court enters a default judgment against a defendant, all allegations in the complaint must be taken as true." McKinnon v. Kwong Wah Restaurant, 83 F.3d 498 (1st Cir. 1996) (internal citation omitted). Accordingly, patent infringement is established as a matter of law by the default and entry of the injunction is appropriate. A proposed form of injunction is attached hereto.

940369.1

Damages are also an appropriate remedy in patent cases, either in the form of a reasonable royalty or lost profits.  See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1555 (Fed. Cir. 1995).  Moreover, in this case enhanced damages and attorney fees should be awarded due to Defendant's willful infringement. Signtech USA, Ltd. v. Vutek, Inc., 174 F.3d 1352, 1358 (Fed. Cir. 1999).  Because discovery will be needed to determine the amount of such damages, Trexel respectfully requests that the hearing on the amount of damages be scheduled for a date at least 60 days from allowance of the injunction so that Trexel may take such discovery as may be needed to establish the quantum of damages.  See Quizno's Corp. v. Makda, 2002 WL 32157010 (N.D. Tex. 2002) (prevailing plaintiff in default case entitled to discovery on damages prior to final judgment on damages).

## CONCLUSION

A default judgment should enter against Master pursuant to Rule 55(b)(2), and the Court should enter the attached proposed permanent injunction.  Further, the Court should hold a hearing on the amount of damages and other relief to be awarded after allowing Plaintiff a reasonable time such as 60 days to take discovery directed to the issue of damages.

Respectfully submitted,

TREXEL, INC.

September 23, 2005

by:___/s/ Adam J. Kessel_____
Michael A. Albert, BBO # 558566
James J. Foster, BBO # 553285
Adam J. Kessel, BBO # 661211
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

**940369.1**

**CERTIFICATE OF MAILING**

I certify that a copy of this MOTION FOR DEFAULT JUDGMENT as well as the attached PROPOSED PERMANENT INJUNCTION ORDER was sent by First Class Mail, on September 23, 2005, to each of the following addresses:

James Brogden, President
Master Industries, Inc.
1712 Commerce Drive
Piqua, OH 45356-2694

Edwin Acheson, Esq.
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
P.O. Box 5715
Cincinnati, OH 45201-5715

                                                    /s/ Adam J. Kessel
                                                    Adam J. Kessel

**940369.1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREXEL, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MASTER INDUSTRIES, INC.,<br><br>        Defendant. | Civil Action No. 05-cv-11599 RCL |

## [PROPOSED] PERMANENT INJUNCTION ORDER

This matter comes before the Court upon Plaintiff's request for a permanent injunction enjoining Defendant from infringement of United States Patent Nos. 6,884,823 ("the '823 patent"), RE37,932 ("the '932 patent"), and 5,158,986 ("the '986 patent").

THE COURT FINDS, ORDERS AND ADJUDGES AS FOLLOWS:

1. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq.

2. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant.

3. Plaintiff is the owner by assignment of the '823 patent, issued on April 26, 2005.

4. Plaintiff is the exclusive licensee of the '932 patent, issued on December 10, 2002.

5. Plaintiff is the exclusive licensee of the '986 patent, issued on October 27, 1992.

6. Plaintiff has the right to sue for infringement of the '823 patent, the '932 patent, and the '986 patent.

7. The '823 patent, the '932 patent, and the '986 patent are all valid and enforceable.

8. Defendant has infringed the '832 patent, the '932 patent, and the '986 patent by making, selling, offering to sell, or using within, or importing into, the United States articles

940519.1

covered by those patents and by practicing methods covered by those patents or importing articles made by methods covered by those patents.

9. Infringement by the Defendant of Plaintiff's patents have caused, and will continue to cause, irreparable harm to Plaintiff.

IT IS HEREBY ORDERED THAT:

Master Industries, Inc. and its officers, directors, agents, servants, employees, representatives, affiliates, subsidiaries, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them, are permanently enjoined from making, selling, offering, offering to sell, or using within, or importing into, the United States any other articles covered by United States Patents Nos. 6,884,823, RE37,932, and 5,158,986, and is further enjoined from practicing other methods covered by those patents or importing articles made by other methods covered by those patents.

This Court has jurisdiction to enter and enforce this Order. This Order will be enforceable against the Defendant in this lawsuit, its officers, directors, agents, servants, employees, attorneys, representatives, affiliates, subsidiaries, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them. Breach of this Order shall be punishable under the contempt power of the Court.

Entered this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

**940519**.1