UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREXEL, INC.<br>      Plaintiff,<br><br>v.<br><br>MASTER INDUSTRIES, INC.<br>      Defendant. | )<br>)<br>)<br>)   C.A. No. 05-11599 RCL<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIMS OF
## DEFENDANT MASTER INDUSTRIES, INC.

Defendant, Master Industries, Inc. ("Defendant"), through counsel, for its Answer to Plaintiff's Complaint, and for its affirmative defenses and counterclaims, hereby states as follows:

## ANSWER

1. Denies for lack of knowledge the allegations in Paragraph 1 of the Complaint.

2. Admits that Defendant is a corporation organized and existing under the laws of Ohio, with a place of business at 1712 Commerce Drive, Piqua, Ohio 45356-2694 the allegations in Paragraph 2 of the Complaint, but otherwise denies the remaining allegations in Paragraph 2 of the Complaint.

3. Denies that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, but admits the remaining allegations in Paragraph 3 of the Complaint.

4. Denies for lack of knowledge the allegations in Paragraph 4 of the Complaint.

5. Admits that it provides precision molded products to the automotive, industrial, aerospace, environmental, medical and emergency equipment markets, that it has acquired and

used an Optifoam® system which is supposed to be capable of producing foamed plastic parts, but otherwise denies the remaining allegations in Paragraph 5 of the Complaint.

## COUNT I

6. Denies for lack of knowledge the allegations in Paragraph 6 of the Complaint.

7. Denies for lack of knowledge the allegations in Paragraph 7 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint.

9. Denies that it has infringed U.S. Patent 6,884,823, and denies the remaining allegations in Paragraph 9 of the Complaint.

## COUNT II

10. Denies for lack of knowledge the allegations in Paragraph 10 of the Complaint.

11. Denies for lack of knowledge the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Denies that it has infringed U.S. Patent RE37,932, and denies the remaining allegations in Paragraph 13 of the Complaint.

## COUNT III

14. Denies for lack of knowledge the allegations in Paragraph 14 of the Complaint.

15. Denies for lack of knowledge the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Denies that it has infringed U.S. Patent 5,158,986, and denies the remaining allegations in Paragraph 17 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed any valid, enforceable claims of U.S. Patents Nos. 6,884,823, RE37,932 or 5,158,986.

**SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, the claims of U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986 are invalid.

**COUNTERCLAIM**

For its Counterclaim against Plaintiff, without waiving any of the defenses set forth above, Defendant states as follows:

18.     This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment concerning infringement and validity and enforceability of U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986.

19.     Defendant is a corporation organized and existing under the laws of Ohio, with a place of business at 1712 Commerce Drive, Piqua, Ohio 45356-2694.

20.     In its Complaint, Plaintiff asserts it is a corporation organized and existing under the laws of Massachusetts, with its principal place of business at 45 Sixth Road, Woburn, Massachusetts 01801.

21.     In its Complaint, Plaintiff alleges that Defendant infringes U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986.  Defendant denies that it infringes any claims of these patents, and further contends that the claims of these patents are invalid.  Hence, an actual case or controversy exists between the parties, and this Court has subject matter jurisdiction over this Counterclaim pursuant to 35 U.S.C. 1, *et seq.* and 28 U.S.C. §§ 1331, 1338 and 2201.  Venue is proper in this case under 35 U.S.C. §§ 1391 and 1400.

22.     As a result of Plaintiff's allegations of patent infringement, a cloud of uncertainty concerning potential liability exists over Defendant's current business activities, and Defendant

has no adequate remedy at law to remove such cloud, absent declaratory relief as requested herein.

## COUNT I

23. The allegations in Paragraphs 18 through 22 are incorporated herein by reference.

24. Defendant has not infringed, and is not infringing, U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986.

## COUNT II

25. The allegations in Paragraphs 18 through 24 are incorporated herein by reference.

26. Upon information and belief, the claims of U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986 are invalid.

WHEREFORE, Defendant respectfully requests:

(a) The Plaintiff take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

(b) That U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986 be declared not infringed by Defendant;

(c) That the claims of U.S. Patents Nos. 6,884,823, RE37,932 and 5,158,986 be declared invalid;

(d) That Defendant be awarded its costs, expenses and reasonable attorneys fees; and

(e) That Defendant be awarded such other and further relief as the Court may deem just and proper.

Defendant reserves the right to amend this Answer and Counterclaim as a result of information learned during discovery or otherwise.

**JURY DEMAND**

DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

        Respectfully submitted,

        MASTER INDUSTRIES, INC.
        By its attorneys,

        /s/William A. Scofield, Jr.
        William A. Scofield, Jr., BBO #448940
        LAHIVE & COCKFIELD, LLC
        28 State Street
        Boston, MA  02109
        (617) 227-7400

        Of Counsel:

        David E. Schmit, Esq.
        Edwin R. Acheson, Jr., Esq.
        FROST BROWN TODD LLC
        201 East Fifth Street
        2200 PNC Center
        Cincinnati, Ohio 45202
        (513) 651-6800

Dated: October 20, 2004

**CERTIFICATE OF SERVICE**

    I, William A. Scofield, Jr., hereby certify that on October 20, 2004, I caused a copy of this document to be delivered to counsel of record via the Court's electronic filing system.

        /s/William A. Scofield, Jr.
        William A. Scofield, Jr.